**FILED**

September 22, 2021

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MALINDA M. MILLS,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0407** (BOR Appeal No. 2054812)
             (Claim No. 2017028929)

**MCDOWELL COUNTY COMMISSION ON AGING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Malinda M. Mills, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). McDowell County Commission on Aging, Inc., by Counsel Charity K. Lawrence, filed a timely response.

The issue on appeal is additional compensable conditions. The claims administrator denied the addition of dorsalgia unspecified backache and right sciatica to the claim on October 24, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its November 4, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Mills, a personal care aide, injured her lower back while lifting a patient on May 27, 2017. Ms. Mills suffered a prior lower back injury on April 8, 2016, while pulling a client on a bedsheet. She sought treatment that day from Dinkar Patel, M.D., and reported backache with right leg numbness. Dr. Patel diagnosed backache, lumbosacral sprain, and right sciatica with a bulging lumbar disc. Ms. Mills returned to work on April 25, 2016. On May 5, 2016, she reported that she was working but still had backache and right leg numbness. The diagnoses were lumbosacral sprain with right sciatica.

Following the compensable injury at issue, Ms. Mills continued to treat with Dr. Patel. On May 30, 2017, Dr. Patel stated that Ms. Mills was to remain off of work and to undergo epidural steroid injections, trigger point injections, and physical therapy. On June 5, 2017, Ms. Mills reported back pain and right leg numbness. On June 12, 2017, Dr. Patel prescribed physical therapy and stated that Ms. Mills was to remain off of work.

In a June 15, 2017, treatment note, Dr. Oliver stated that Ms. Mills reported low back pain that radiated into the right hip, thigh, and knee. Dr. Oliver diagnosed lumbar pain back associated with degenerative disc disease. It was noted that a lumbar CT scan showed a mild disc bulge at L4-5 with a small herniation with calcification at L5-S1. Ms. Mills returned to Dr. Patel on June 19, 2017. Dr. Patel noted that he had reviewed the report and stated that it showed a mild L4-5 disc bulge and a small herniation at L5-S1. The claim was held compensable for low back sprain on June 22, 2017.

A lumbar MRI was performed on September 6, 2017, and showed disc bulging and herniation at L3-4, unchanged. It was noted that there were no changes in Ms. Mills's L4-5 disc bulge or L5-S1 disc herniation. Ms. Mills returned to Dr. Patel on December 1, 2017, and reported improvement, though she remained off of work. Ms. Mills returned to work on February 19, 2018. On April 11, 2018, it was noted that Ms. Mills was working part-time. Dr. Patel's assessment was migraine, low back pain, and herniated lumbosacral disc.

In a January 25, 2018, Independent Medical Evaluation, Joseph Grady, M.D., noted that the claim was compensable for a lumbar sprain. Dr. Grady stated that an MRI showed unchanged disc bulging. He noted that he previously examined Ms. Mills in 2016 for a prior low back injury. At that time, he assessed 4% lumbar spine impairment. For the compensable injury at issue, Dr. Grady diagnosed lumbosacral sprain superimposed on multilevel degenerative spondylosis. He opined that Ms. Mills would reach maximum medical improvement after her work conditioning program concluded at the end of the month. He further opined that Ms. Mills would need no further treatment.

Rebecca Thaxton, M.D., performed a Record Review on September 4, 2018, in which she noted that Ms. Mills had a prior low back injury in 2016. Ms. Mills underwent a CT scan on June 15, 2017, that was compared to a preinjury August 3, 2016, scan. Dr. Thaxton stated that the most recent CT scan showed persistent disc bulging and herniation at L3-4, persistent disc bulging at L4-5, and persistent herniation at L5-S1. It was noted that the results were unchanged from the prior study. Dr. Thaxton noted that she reviewed Dr. Grady's report. Dr. Grady found no clinical evidence of radiculopathy, and Dr. Thaxton opined that that meant there was no sciatica caused by a herniated disc. Dr. Thaxton stated that if Ms. Mills had radiculopathy/sciatica it has not resolved, which is consistent with lumbar disc herniations. Dr. Thaxton opined that dorsalgia and back pain are symptoms, not diagnoses. The claims administrator denied the addition of dorsalgia unspecified backache and right sciatica to the claim on October 24, 2018.

Marsha Bailey, M.D., performed an Independent Medical Evaluation on April 2, 2019, in which she noted that the most recent MRI showed no change in the disc herniations when compared to a preinjury MRI. Dr. Bailey found in her record review that Ms. Mills returned to unrestricted work on February 26, 2018. Dr. Bailey diagnosed chronic low back pain without MRI evidence to support a diagnosis of radiculopathy or sciatica. Dr. Bailey opined that the chronic pain was the result of the 2016 injury. Because the most recent MRI showed no change, Dr. Bailey stated that there was no evidence of a new or worsened injury. She opined that dorsalgia, backache, back pain, and right sciatica were not accurate or appropriate diagnoses to include in the claim. Ms. Mills was at maximum medical improvement.

Dr. Patel testified in a July 16, 2019, deposition that he is an internal medicine specialist. Ms. Mills previously injured her back on April 8, 2016, for which Dr. Patel provided treatment. Ms. Mills's residual symptoms from the injury were persistent back pain and right leg numbness; however, she had improved significantly and returned to work. Dr. Patel stated that the injury at issue caused her to develop backache with lumbosacral strain and right sciatica. Dr. Patel acknowledged that there were no differences in Ms. Mills's diagnoses following the compensable injury at issue and stated that Ms. Mills's injuries from the May 25, 2017, injury were almost the same as those caused by the first injury.

The Office of Judges affirmed the claims administrator's denial of the addition of dorsalgia unspecified backache and right sciatica to the claim in its November 4, 2019, Order. It found that Dr. Thaxton reviewed the request and opined that there was no clinical evidence to support a diagnosis of sciatica. Further, dorsalgia, or back pain, is a symptom, not a diagnosis. Dr. Grady opined in his evaluation that Ms. Mills's most recent MRI showed no change from a preinjury

study. Dr. Grady diagnosed lumbosacral sprain superimposed on degenerative spondylosis. The Office of Judges noted that Dr. Patel, Ms. Mills's treating physician, treated her for both the current and prior low back injuries. Ms. Mills had experienced backache and right leg numbness since April of 2016. Dr. Patel testified in a deposition that following the compensable injury at issue, no additional diagnoses were added to Ms. Mills's file. The diagnoses remained lumbosacral sprain, backache, and right sciatica. The Office of Judges found that Dr. Bailey opined in her report that there was no evidence of a new or worsened injury. She did not feel that dorsalgia, backache, back pain, or right sciatica were accurate, appropriate diagnoses to include in the claim. The Office of Judges concluded that the diagnosis of dorsalgia, or back pain, was properly denied because it is a symptom, not an actual diagnosis. The Office of Judges also concluded that sciatica preexisted the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates that Ms. Mills developed back pain and sciatica as a result of her 2016 work-related injury. Dr. Patel, her treating physician, saw Ms. Mills for both the 2016 injury and the injury at issue. He testified that there was no change to Ms. Mills's diagnoses as a result of the compensable injury at issue. Further, dorsalgia is a symptom, not a diagnosis.

Affirmed.

**ISSUED: September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton